United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 05-30595
Summary Calendar

—————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARCUS A. MILTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:95-CR-50072-3
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Marcus A. Milton appeals from the district court's judgment revoking his supervised release and sentencing him to 21 months of imprisonment.  Milton contends that the evidence was insufficient to support a finding that he committed a grade A violation by a preponderance of the evidence.  He argues that the Government failed to prove either possession with intent to distribute crack cocaine or possession of a firearm.  According to Milton, the Government failed to produce evidence that the substance he possessed was in fact crack cocaine or that he

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possessed that substance with intent to distribute.  He argues that the Government failed to show that he possessed any substance with the intent to distribute, and that the Government showed at most that he possessed a white, rock-like substance for personal use, which he argues is a grade B violation.  He further argues that the Government failed to prove that he possessed the firearm found in the car in which he was a passenger.

The evidence was sufficient to show by a preponderance of the evidence that Milton possessed with intent to distribute crack cocaine, a grade A violation of his supervised release.  See United States v. Hinson, 429 F.3d 114, 119 (5th Cir. 2005); United States v. Majors, 328 F.3d 791, 796 (5th Cir. 2003).  The district court therefore was required to revoke Milton's supervised release.  18 U.S.C. § 3583(g)(1).  Milton does not challenge the term of imprisonment he received upon revocation of his supervised release and therefore has abandoned any such challenge.  See United States v. Green, 964 F.2d 365, 371 (5th Cir. 1992).

AFFIRMED.